**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| **GALEN K. SHAFFER,** | |
| Petitioner, | **No. 12-CV-4044-DEO** |
| vs. | **RULING ON 28 U.S.C. § 2254** |
| **CHARLES M. PALMER**, Director of Iowa Department of Human Services, | **PETITION** |
| Respondent. | |

———————————————

This matter is before the Court on Petitioner Galen Shaffer's [hereinafter Mr. Shaffer] 28 U.S.C. § 2254 Petition. Following a hearing in March 2010, an Iowa District Court found Mr. Shaffer to be a sexually violent predator and ordered his commitment. In re Det. of Shaffer, 800 N.W.2d 755 (Table) (Iowa Ct. App. 2011) [hereinafter, Shaffer II]. He is currently a civilly committed patient the CCUSO facility in Cherokee, Iowa.

## I. FACTUAL BACKGROUND

"In 1991, Shaffer was adjudicated to have committed a delinquent sexual act as a minor. Four years later, he was convicted as an adult of three counts of sexual abuse in the

second degree. He was sentenced to three concurrent indeterminate terms of incarceration not to exceed twenty-five years." _In re Det. of Shaffer_, 769 N.W.2d 169, 171 (Iowa 2009). Mr. Shaffer's underlying criminal convictions are not at issue in the present appeal.

## II. PROCEDURAL HISTORY

The Iowa State Court's have set out the relevant history. Following his conviction for sexual abuse, Mr. Shaffer was committed to the custody of the Iowa Department of Corrections to serve his indeterminate term of incarceration. See I.C.A. § 902.3 (providing that a court sentencing a felon other than a class "A" felon to confinement "shall commit the person into the custody of the director of the Iowa department of corrections for an indeterminate term"). While Mr. Shaffer remained in the custody of the Iowa Department of Corrections, he was eligible to earn a reduction of his sentence based upon his behavior. See I.C.A. § 903A.2. The statutes governing reduction of sentences were amended multiple times during Mr. Shaffer's confinement; and, on numerous occasions, the department calculated Mr. Shaffer's release date by applying the amendments and other factors. The last discharge date

calculated by the department, prior to the dispute raised in this case, was July 2008. Mr. Shaffer never challenged the calculation of his discharge dates before the State filed the petition for civil commitment.

The State filed Mr. Shaffer's (first) petition for civil commitment on October 9, 2007. The petition alleged Mr. Shaffer was in state custody and probable cause existed to believe he was a sexually violent predator. Mr. Shaffer was in prison in the state penitentiary at Anamosa at the time. Mr. Shaffer then filed two applications for postconviction relief. On October 19, 2007, Mr. Shaffer filed an application for postconviction relief in Jones County, where the Anamosa State Penitentiary is located. On October 24, 2007, Mr. Shaffer filed a second application for postconviction relief in Black Hawk County, where he was convicted of sexual abuse in the second degree in 1995.

The Iowa state court in Jones County held that the calculations under I.C.A. 903A.2, as applied to Mr. Shaffer, violated the Ex Post Facto Clause because the new statutory provision governing the reduction of sentences increased Mr. Shaffer's punishment. The district court in Black Hawk County

held a probable cause hearing on the State's petition for civil commitment, together with a hearing on the application for postconviction relief. Mr. Shaffer argued that the Iowa court lacked subject matter jurisdiction over the State's petition because Mr. Shaffer was 'illegally confined' not "presently confined" as defined in 229A.4. Mr. Shaffer argued that he was not "presently confined" because he should have been discharged in September 2007, prior to the time the petition was filed. The court in Black Hawk County also held that application of the amendment to I.C.A. 903A.2 to Mr. Shaffer violated his rights under the Ex Post Facto Clause. The Court found that the State failed to timely file the petition for civil commitment because Mr. Shaffer should have been released prior to the filing of petition. As a result, the state court granted summary judgment on Mr. Shaffer's application for postconviction relief and dismissed the State's petition for civil commitment.

The State appealed the decision dismissing the civil commitment petition. In <u>In re Det. of Shaffer</u>, 769 N.W.2d 169, 171 (Iowa 2009) [hereinafter <u>Shaffer I</u>], the Iowa Supreme

Court reversed the district court decision.  The Iowa Supreme

Court stated:

> the issue presented in this case requires
> us to interpret the statutory phrase
> 'presently confined.'  Consequently, our
> role is to determine the intent of the
> legislature.  State v. Sluyter, 763 N.W.2d
> 575, 581 (Iowa 2009).  A host of rules
> exist to assist in this task.  See Iowa
> Code§ 4.6.  In this case, the primary rule
> we rely upon is that statutes are
> interpreted consistent with the common law
> and with other laws pertaining to similar
> subjects.  Id. § 4.6(4); Schaer v. Webster
> County, 644 N.W.2d 327, 336 (Iowa 2002).

Shaffer I, 769 N.W.2d at 173.  That court found no dispute

about the constitutional question saying:

> [t]he State acknowledges that our recent
> decision in State v. Iowa District Court,
> 759 N.W.2d 793 (Iowa 2009), resolves the ex
> post facto issue in Shaffer's favor, but
> argues Shaffer was nonetheless 'presently
> confined' for purposes of the SVP Act.

Shaffer I, 769 N.W.2d at 173.  Instead, that Iowa Supreme

Court turned to statutory analysis of I.C.A. 229A and found

that:

> in this case, the State confined Shaffer
> under a good-faith belief that the relevant
> statutes governing his release date
> required his continued confinement.
> Nothing in the record suggests bad faith or
> gamesmanship, and Shaffer never disputed
> the calculation of his release date prior

> to the time the petition was filed.  The
> subsequent challenges to the State's
> calculation of Shaffer's release date and
> our holding in Iowa District Court do not
> change the historical fact that Shaffer was
> confined for sexual abuse in the second
> degree when the State petitioned for his
> civil commitment.

Shaffer I, 769 N.W.2d at 174.  The Court concluded that, "a person named in a petition for civil commitment as a sexually violent predator is 'presently confined' under section 229A.4(1), even though the basis of confinement may later be found to be erroneous."  Shaffer I, 769 N.W.2d at 175. Accordingly, the case was remanded to Iowa state district court.  The Iowa state district court found that Mr. Shaffer qualified for commitment under I.C.A. 229A.  Mr. Shaffer appealed.  The Iowa Court of Appeals confirmed Mr. Shaffer's commitment, Shaffer II, 800 N.W.2d at 755, the Iowa Supreme Court declined further review.

Mr. Shaffer timely filed this 28 U.S.C. 2254 action on May 7, 2012.  Docket No. 1-1.

## III.  ISSUES

Mr. Shaffer briefed three issues.  First, Mr. Shaffer argues that his commitment is a violation of his rights under

the Fourteenth Amendment right to Due Process. Second, Mr. Shaffer argues that his commitment is the result of an unreasonable application of clearly established law by the state court. Finally, Mr. Shaffer argues that his commitment was based upon an unreasonable determination of the facts in violation of his Fourteenth Amendment right to due process. The State denies Mr. Shaffer's arguments on the merits and also alleges that he has procedurally defaulted on his claims.

## IV.  LAW AND ANALYSIS

### A.  Standard

28 U.S.C. § 2254(a) provides that a federal court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

A federal court's review of a State court decision under § 2254 is deferential.  Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003).  A state court decision on the merits should not be overturned unless it:

> (1) resulted in a decision that was
> contrary to, or involved an unreasonable
> application of, clearly established Federal
> law, as determined by the Supreme Court of
> the United States; or (2) resulted in a
> decision that was based on an unreasonable
> determination of the facts in light of the
> evidence presented in the State court
> proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A State Court decision contains an unreasonable application of Supreme Court law if it makes "a conclusion opposite that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts."  327 F.3d at 752 (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000).  A State court's factual findings are presumed correct.  28 U.S.C. § 2254(e)(1).  In order to overcome this presumption, Mr. Shaffer must show "by clear and convincing evidence that the state court's . . . factual findings do not enjoy support in the record."  327 F.3d at 752 (citing 28 U.S.C. § 2254(e)(1)).

**B. Procedural Default**

The State first argues that Mr. Shaffer has failed to exhaust his state court remedies.

Before obtaining federal habeas corpus review, a petitioner must exhaust all available state court remedies. 28 U.S.C. § 2254(b)(1)(A). To fulfill the exhaustion requirement, a petitioner must provide the highest state court a full and fair opportunity to consider the factual and legal basis for all of the claims before presenting them to a federal court. See, e.g., Vasquez v. Hillery, 474 U.S. 254, 257 (1986) ("[A] state prisoner may initiate a federal habeas petition '[o]nly if the state courts have had the first opportunity to hear the claim sought to be vindicated ....'") (quoting Picard v. Connor, 404 U.S. 270, 276 (1971)) (alterations in original); Miller v. Lock, 108 F.3d 868, 871 (8th Cir. 1997) ("[B]oth the factual grounds and legal theories on which the claim is based must have been presented to the highest state court in order to preserve the claim for federal review."). This requires a petitioner to invoke "one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Iowa, a "prisoner whose appeal is deflected to the Iowa Court of Appeals must file an application for further review in the Supreme Court of Iowa to exhaust his claims properly in

the state courts." Welch v. Lund, 616 F.3d 756, 759 (8th Cir. 2010).

The fair presentment component of the exhaustion requirement compels a petitioner to "refer to 'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Ashker, 5 F.3d 1178 at 1179 (quoting Kelly v. Trickey, 844 F.2d 557, 558 (8th Cir. 1988)). A claim is not fairly presented to the state courts unless the same factual grounds and legal theories asserted in the petitioner's federal habeas corpus petition have been properly raised in the petitioner's state court proceedings. See Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995); Flieger v. Delo, 16 F.3d 878, 884 (8th Cir. 1994); see also Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir. 1999) ("Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement.").

In this case, Mr. Shaffer seemingly exhausted his state court remedies. He appealed to the Iowa Court of Appeals, who ruled against him, and the Iowa Supreme Court declined further

review.  However, the State argues that Mr. Shaffer failed to

raise his federal law claims before the Iowa Court of Appeals.

The Court will consider this argument in the context of each

individual claim.

## C.  Due Process Claim

Mr. Shaffer's first argument is that:

> [t]he decision of the Supreme Court of Iowa
> stated that they rejected attempts to apply
> a "hypertechnical" definition of "presently
> confined." 769 N.W.2d at 174.  But any
> reasonable application of state law to this
> Petitioner should certainly include in that
> definition the requirement that the
> detention be lawful.  Shaffer's
> constitutional rights demanded that he be
> released when his sentence expired and the
> State should not be able to use of that
> unlawful confinement as the basis for this
> indefinite civil commitment.  In M[a]leng
> v. Cook, the Supreme Court was presented
> with a question as to whether a habeas
> petitioner remains "in custody" under a
> conviction after the sentence imposed for
> it has fully expired, if there was the
> possibility that the prior conviction would
> be used to enhance the sentences imposed
> for any subsequent crimes of which he is
> convicted.  The Court determined that such
> a petitioner was not "in custody."  490
> U.S. 488, 109 S. Ct. 1923 (1989) per
> curiam.

Docket No. 28, p. 6-7.  Put another way, under the relevant

Iowa law, the state can only commit a person as a sexual

offender if that person is already in prison for a sexual offense. Mr. Shaffer admits that he was in prison at the time the State filed their motion to have him committed. But, Mr. Shaffer argues that the only reason he was in prison was because the State incorrectly calculated his release date. The Iowa Supreme Court agreed that the State should have released Mr. Shaffer earlier; but, the Iowa Supreme Court found that since Mr. Shaffer was in custody through a good faith mistake that no one knew about, they would rely on the plain language of the statement and find that Mr. Shaffer was eligible to be committed as a sexual offender because he was in custody at the time the motion was filed. Mr. Shaffer argues that in so doing, the Iowa courts violated his due process rights.

The State denies Mr. Shaffer's argument on the merits and also argues that he failed to exhaust this argument. In response to the State's failure to exhaust argument, Mr. Shaffer argues that:

> [t]he Iowa courts clearly erred in determining that Petitioner was properly a person "presently confined" as the basis for his civil commitment as a sexually violent predator. Petitioner further exhausted his state court remedies by

> challenging the legality of his detention
> in state district court, filing for
> post-conviction relief, contesting the
> state's appeal of the decision in his
> favor, in challenging the detention on its
> merits and in appealing the adverse
> decision. Shaffer raised violations of his
> state and federal constitutional rights in
> exhausting these state court remedies. See
> In re Detention of Shaffer, 769 N.W.2d 169
> (Iowa 2009); In re Detention of Shaffer,
> [2011] WL 944438, *4 (Iowa App.
> 2011)(unpublished disposition), Doc. 23-20.

Docket No. 28, p. 6.

Mr. Shaffer's response is not as clear cut as it may seem. As discussed above, Mr. Shaffer is presently arguing that the Iowa Supreme Court's decision to allow his commitment to proceed, even though his then present incarceration was illegal, was so egregious that it violated due process. Mr. Shaffer argues that the constitution adds to the statute's requirement that he be presently confined a requirement that the confinement is legal. There is no clear indication Mr. Shaffer made that argument to the Iowa Supreme Court in his most recent case, Shaffer II. Rather, in Shaffer II, Mr. Shaffer argued about factual findings of his commitment, whether the evidence was sufficient and whether his trial counsel was effective regarding various evidentiary

strategies.  See Docket No. 23, Att. 16.  The question is whether Mr. Shaffer exhausted this issue in <u>Shaffer I</u>.  In that case, Mr. Shaffer was arguing that the Iowa district court's judgment was correct in finding that Mr. Shaffer was not presently confined at the time the state filed the 229A motion.  Docket No. 26, Att 5.  It was in response to that argument that the Iowa Supreme Court determined that Mr. Shaffer was presently confined for 229A purposes and that the commitment could proceed.  Thus, the Iowa Supreme Court clearly had an opportunity to consider the overarching issue of whether Mr. Shaffer was presently confined.  However, it is not clear that the Iowa Supreme Court considered the due process claim in the context of that argument.  The due process claim was not raised in Mr. Shaffer's trial brief, and the Iowa Supreme Court's ruling only discusses the ex post facto argument.  <u>Shaffer I</u>, 769 N.W.2d at 175.  Thus, it does not appear that Mr. Shaffer has preserved this claim for review.

But, assuming arguendo that Mr. Shaffer had preserved the due process claim, his argument would still likely fail.  The primary issue is the Iowa Supreme Court's definition of

presently confined.  The phase 'presently confined' is found

in the sexual offender statute, I.C.A. 229A.  Thus, the

question in this case is squarely about the proper application

of state law.  As cited by the State, the 8th Circuit

considered a similar case arising out of Missouri and

determined that the federal habeas court did not have the

authority to intervene.  In Poe v. Caspari, 39 F.3d 204 (8th

Cir. 1994), the Defendant was serving time when a county

prosecutor brought a separate set of charges against him.  A

Missouri statute said that the prosecution of a current inmate

had to be disposed within 180 days if the inmate so requested,

and the inmate in that case so requested.  However, the prison

holding him took months to release him to the prosecuting

county, and by that time, the 180 days had run.  The inmate

asked that the charges be thrown out, but the state court

denied the motion, noting that the defendant was no longer in

the custody of the Missouri Department of Corrections when the

180 days elapsed.  Eventually, the inmate filed a 28 U.S.C. §

2254 petition, and the 8th Circuit ruled that:

> [v]iolation by state officials of a state
> speedy trial law, taken alone, does not
> present a federal claim reviewable on
> habeas petition.  Cain v. Petrovsky, 798

15

> F.2d 1194, 1195 (8th Cir. 1986); see
> Estelle v. McGuire, 502 U.S. 62, 112 S. Ct.
> 475, 480, 116 L. Ed. 2d 385 (1991) ("[I]t
> is not the province of a federal habeas
> court to reexamine state court
> determinations on state law questions. In
> conducting habeas review, a federal court
> is limited to deciding whether a conviction
> violated the Constitution, laws, or
> treaties of the United States."). Poe's §
> 217.460 claim is based only on Missouri law
> and actions of Missouri officials, and thus
> may be addressed only by the Missouri
> courts.

Poe, 39 F.3d at 207.

Mr. Shaffer's claim is similar to the claim in the Poe case. There is no doubt that the prison officials held Mr. Shaffer longer than they were supposed to. But the Iowa Supreme Court found that there was no bad faith in the prison's mistake, and the Iowa Attorney General could reasonably rely on the fact that Mr. Shaffer was in custody as a matter of fact, to determine he was 'presently confined' for the purposes of I.C.A. 229A. That determination is ultimately a matter of state statutory construction - what does 'presently confined' mean - the same way the Poe case hinged on the question of how the Missouri state court interpreted its speedy trial statutes. In this case, Mr. Shaffer has failed to tie his statutory interpretation claim to an

actionable federal due process claim.  Accordingly, his claim must be denied.[1]

## D.  Clearly Established State Law

Next, Mr. Shaffer argues that:

> [t]he "good faith" finding was an unreasonable application of state law as Shaffer continued to be confined despite his protests and demands for release in violation of his Fourteenth Amendment right to Due Process of law.  The State, in challenging the dismissal of the petition to commit Shaffer, argued that the lawfulness of the confinement was immaterial yet the Iowa Code provides an alternate procedure to seek commitment for a person not confined.  See Iowa Code §229A.4(2).

Docket No. 28, p. 2.  Mr. Shaffer argues that because the Iowa Supreme Court had already limited the phrase 'presently confined' to those confined for prior sexual offenses, his commitment violates the terms of the statute.  See In re

_____

[1]  In his brief, Mr. Shaffer cites the case of Maleng v. Cook, 490 U.S. 488 (1989) (per curiam).  However, that is a very narrow case that only deals with a federal court's habeas jurisdiction.  There is no question in this case that Mr. Shaffer is in custody for the purposes of pursuing habeas relief.  The question is whether or not he has stated a cognizable claim for relief.  As the Supreme Court stated in Maleng, "[o]ur holding is limited to the narrow issue of "custody" for subject-matter jurisdiction of the habeas court."  Id. at 494.

Detention of Gonzales, 658 N.W.2d 102 (Iowa 2003).  However, Gonzales clearly presented a different question than Mr. Shaffer's case.  In Gonzales, the defendant has been released from custody on his prior sexual offense, and had subsequently been rearrested on unrelated charges.  The State filed a motion to commit Gonzales pursuant to I.C.A. 229A.  The Iowa Supreme Court determined that since Gonzales had completed his sentence for the sexual offense and had been released, he was no longer in custody for the purposes of the statute.  In Mr. Shaffer's case, he was still serving his sexual offense sentence (even though it had been calculated incorrectly) when the state filed the 229A motion.  The Iowa Supreme Court applied a plain meaning analysis and found that Mr. Shaffer qualified as a person who may be a sexual offender who was presently confined.

Based on those two cases, it is easy to understand the rule in Iowa:  if you are, as a matter of fact, in custody based on your sexual offense, the state can file an I.C.A. § 229A.4(1) petition against you; if the state has released you from your sexual offense custody, they cannot file a 'presently confined' petition, even if you are in custody for

subsequent unrelated conduct. That rule does not amount to an unreasonable application of clearly established Federal law or the unreasonable determination state court law.

Additionally, Mr. Shaffer has failed to point to any federal precedent that would support his argument. Accordingly, this unreasonable application of state law claim must be denied.[2]

**E. Unreasonable Determination of Facts**

Mr. Shaffer's final argument is that the State did not present sufficient evidence at his civil commitment hearing. This issue was exhausted in <u>Shaffer II</u>, where Mr. Shaffer's commitment was affirmed by the Iowa Court of Appeals, and the Iowa Supreme Court denied further review.

In his brief, Mr. Shaffer argues that:

> [t]he more reliable evidence at the hearing on the merits of the state's petition to detain the [sic] Shaffer demonstrated that he did not meet the criteria for confinement under Iowa law in that he was not presently suffering from a mental abnormality and was not likely to reoffend. See App. 56-60. The commitment was not supported by substantial evidence based on the testimony of Dr. Anna Salter. As

---

[2] Since this argument clearly fails on the merits, the Court need not consider whether it was procedurally defaulted.

> Shaffer argued in his appeal, the state district court clearly gave weight to the testimony of Dr. Craig Rypma who testified for Shaffer, but misconstrued that testimony. App. 57. Shaffer had also argued relying on the testimony of Dr. Lewis Rosell who agreed with Dr. Rypma that Shaffer did not meet the criteria for commitment. App. 56. The state court clearly erred in concluding that there was substantial evidence to support Shaffer's continued commitment.

Docket No. 28, p. 9. Thus, Mr. Shaffer's argument is that the state district court improperly credited Dr. Salter's testimony over the testimony of Dr. Rypma and Dr. Rosell.

As is well settled:

> [u]nder § 2254, [Federal Courts] must give deference to the state court's decision unless it is "contrary to, or involved an unreasonable application of, clearly established Federal law" or rests on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). [Federal Courts] presume the factual findings of the state court are correct unless rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

<u>Gabaree v. Steele</u>, No. 13-3486, 2015 WL 4126428, at *4 (8th Cir. 2015). Thus, this Court will give deference to the state court's factual findings.

20

As set out by the Iowa Court of Appeals:

> Three experts testified at trial: Craig B. Rypma, Ph.D. and Luis Rosell, Ph.D. for Shaffer, and Anna Salter, Ph.D. for the State. Each expert gave varying testimony regarding Shaffer's mental condition. Dr. Rypma testified that he "did diagnose [Shaffer] with a diagnosis that would qualify him under Iowa statute" as a person who suffers from a mental abnormality that predisposes him to commit sexually violent offenses, in addition to pedophilia and antisocial personality disorder. He continued that although he technically gave Shaffer this diagnosis, there were some "serious caveats" as to whether he truly qualified as having a mental abnormality. He surmised Shaffer's crimes could have been the result of suffering from a developmental disorder when he was a child, and in Shaffer's "current presentation" he did not believe he was a pedophile. Dr. Rosell agreed, testifying that while Shaffer may have suffered from pedophilia at the time of his convictions, he believed the diagnosis was no longer appropriate. He did, however, diagnosis Shaffer with antisocial personality disorder. Dr. Salter, on the other hand, concluded that Shaffer suffered from pedophilia, and "is high risk to reoffend." When questioned as to Dr. Rypma's diagnosis of antisocial personality disorder, Dr. Salter testified that it was a fair diagnosis, but it did not change her diagnosis of pedophilia; antisocial personality disorder merely decreased Shaffer's ability to control his behavior. She did not believe that the time he spent imprisoned and away from children changed the status of his pedophilia, particularly because he did not

> complete any treatment program. The court
> found it was "more persuaded by the
> testimony of Dr. Salter and Dr. Rypma
> concerning the diagnosis that respondent
> suffers from a condition that impairs the
> ability to control emotions or act
> voluntarily."

Shaffer II, 800 N.W.2d 755 (Table) at 2.

Mr. Shaffer's case presented a classic scenario. Three doctors all testified slightly differently. Dr. Rypma waffled on whether Mr. Shaffer was predisposed to sexually violent acts. Dr. Rosell said Mr. Shaffer was anti-social but not sexually dangerous, where as Dr. Salter squarely testified that Mr. Shaffer was predisposed to sexually violent offenses. The state court decided that Dr. Salter's testimony was most credible. Based on that evidence, along with Mr. Shaffer's history and admissions of abusing children between the ages of two and fifteen, the state court determined Mr. Shaffer suffers from a mental abnormality that makes him likely to engage in predatory acts constituting sexually violent offenses, if not confined to a secure facility.

It is a basic principal of appellate review, at every level, that appellate courts give deference to the original credibility determination. In this case, the district court

acknowledged that there was a split among the experts but found Dr. Salter to be most credible. The Iowa Court of Appeals then reviewed that determination and affirmed. There is nothing in either court's decision that amounts to an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Mr. Shaffer has failed to state a claim that is cognizable under 28 U.S.C. § 2254 and his petition must be denied.

**V. CONCLUSION**

Ultimately, 28 U.S.C. § 2254(d)(1)-(2)(1) sets a high bar for a petitioner to obtain relief. Petitioner must show that the Iowa courts defied federal law or acted unreasonably. Mr. Shaffer has failed to make that showing. For the reasons discussed above, Mr. Shaffer's 28 U.S.C. § 2254 Petition is **DENIED**.

**IT IS SO ORDERED** this 14th day of August, 2015.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa